UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTRELL V. BROWN,**<br>**a/k/a ISLAMIC ALI,**<br><br> Plaintiff,<br><br>v.<br><br>**STATE OF MICHIGAN,**<br><br>**STATE DEPARTMENT OF CORRECTIONS,**<br><br>**HEIDI E. WASHINGTON, and**<br><br>**MACOMB ADMINISTRATION,**<br><br>Defendants. | **20-CV-13402-TGB-DRG**<br><br>**OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

Plaintiff Antrell V. Brown, a state prisoner also known as Islamic Ali, recently filed a pro se civil rights complaint. ECF No. 1. Plaintiff is incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan. Defendants are the State of Michigan, the Michigan Department of Corrections ("MDOC") and its director, Heidi E. Washington, and the Macomb Administration. Brown's complaint is legally frivolous and fails to state a claim for which relief may be granted. The complaint also seeks relief from defendants who are immune from suit. Accordingly, the Court will **DISMISS** the complaint with prejudice.

1

## I. BACKGROUND

The complaint and exhibits indicate that Brown is confined in a segregation unit at the Macomb Correctional Facility. He appears to be trying to bring a class action on behalf of other inmates similarly situated. The Court understands Brown to be alleging that Defendants have deprived him and other similarly situated prisoners with adequate access to the prison library since March 2020, in violation of their constitutional rights. ECF No. 1, PageID.5.

Specifically, Brown contends that, prison officials initially granted access to the library only to wealthy inmates and failed to provide the same services and benefits to the poorer prisoners. *Id.* at PageID.5-6. After four months, officials granted limited access to the library only to prisoners who were engaged in ongoing litigation. *Id.* at PageID.6-7. Prison officials withheld certain legal materials requested by prisoners in segregation. *Id.* at PageID.7-8. Brown asserts that there has been unequal access to legal services and that prison officials have arbitrarily and capriciously limited the legal research capabilities of segregated prisoners. *Id.* at PageID.8-9.

Brown's second and final claim is that Defendants have treated prisoners in general segregation to harsher penalties than prisoners in a makeshift segregated housing unit known as Block 5. *Id.* at PageID.9-10. According to Brown, the prisoners in Block 5 have access to store items,

and they enjoy privileges, benefits, and opportunities that prisoners in the general segregation unit do not have. *Id.* at PageID.10-11.

Brown seeks declaratory, injunctive, and monetary relief from Defendants in their personal and official capacities. *Id.* at PageID.2, 19-24. He cites various provisions of both the federal and Michigan state constitutions as providing a basis for relief. *Id.* at PageID.2-5.

## II. STANDARD OF REVIEW

The Court granted Brown permission to proceed without prepaying the fees or costs for this action. ECF No. 8. The Court is required to screen a pro se prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Under *Twombly* and *Iqbal*, the factual allegations in a complaint are accepted as true. *See Iqbal*, 556

3

U.S. at 678, and *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

### III. DISCUSSION
#### A. Eleventh Amendment immunity for states and their agencies

The first two Defendants named by Brown are the State of Michigan and MDOC. But the Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

Brown asserts that the Eleventh Amendment does not apply to his case because he is seeking only prospective injunctive and declaratory relief, *see* ECF No. 1, PageID.24, but he seeks money damages as well. *See id*. at PageID.20-21, 23. Moreover, "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol*, 987 F.2d at 381). Therefore, the State of Michigan and MDOC are immune from suit under the Eleventh Amendment, and Brown's claims against them are legally frivolous and fail to state a claim.

**B. Remaining § 1983 claims**

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

5

The third defendant named in Brown's Complaint is Heidi E. Washington, Director of MDOC. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Brown cannot state a claim against Washington in her official capacity.

Although Brown also seeks relief from Washington in her personal capacity, he has not shown that Washington was directly involved in depriving him and other prisoners of the benefits they seek. Brown cannot hold Washington liable for the unconstitutional conduct of her subordinates under a *respondeat superior* or vicarious-liability theory. *Iqbal*, 556 U.S. at 676; *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (citing *Collins v. Harker Heights, Tex.* 503 U.S. 115, 122 (1992)). A civil rights plaintiff must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution. *Iqbal*, 557 U.S. at 676. Stated differently:

> "[e]ach defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). A plaintiff must therefore show how each defendant "directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg*, 715 F.3d at 174 (quotation marks and citation omitted).

*Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019). Brown does not reference any specific actions that Washington took towards him, and therefore does not make the necessary showing to allege § 1983 liability.

6

The only other defendant named in Brown's Complaint is the Administration at the Macomb Correctional Facility. A prison's administrative department, however, is not an entity that can be sued under § 1983, either because it is not an entity capable of being sued or because it is not a person under § 1983, as defined by the statute and case law. *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008).

## CONCLUSION

Brown's Complaint is legally frivolous and fails to state any plausible claim for which relief may be granted. The Complaint also seeks relief from defendants who are immune from suit. Accordingly, the Court will dismiss the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 26th day of February, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge